UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONDUE GENTRY,

                          Plaintiff,

                                                        1:21-CV-0319
v.                                                      (GTS/ML)

KYLE FILLI; DAVID HURLEY; and
HEATH McCRINDLE,

                          Defendants.
_____

APPEARANCES:

RONDUE GENTRY, 18-A-1238
   Plaintiff, *Pro Se*
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733

HON. LETITIA A. JAMES                    BRITTANY M. HANER, ESQ.
Attorney General for the State of New York    Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* civil rights action filed by Rondue Gentry

("Plaintiff") against New York State Police Officers Kyle Filli, David Hurley and Heath

McCrindle ("Defendants"), is Defendants' unopposed motion to dismiss the remaining claims in

Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  (Dkt. No. 25.)

For the reasons set forth below, Defendants' motion is granted.

I.        **RELEVANT PROCEDURAL HISTORY**

For the sake of brevity, the Court will not summarize the claims and factual allegations asserted in Plaintiff's Complaint, but will respectfully refer the reader to United States Magistrate Judge Miro Lovric's summary of those claims and factual allegations in Part II of his Report-Recommendation of June 14, 2021.  (Dkt. No. 7, at 1-5.)

Surviving the Court's *sua sponte* review of those claims in 2021 were Plaintiff's Fourth Amendment fabrication-of-evidence claims against Defendants in their individual capacities to the extent that those claims relate to the criminal case against Plaintiff in the City of Albany. (Dkt. Nos. 7, 9.)[1]

On November 11, 2021, Defendants moved to dismiss the claims against them for failure to state a claim upon which relief can be granted for each of two alternative reasons.  (Dkt. No. 25, Attach. 1.)  First, Defendants argue, as a threshold matter, Plaintiff's claims are barred by the three-year limitations period governing those claims under 42 U.S.C. § 1983, because (a) limitations period governing a fabrication-of-evidence claim begins to run when the criminal proceedings against the defendant were terminated in his favor, (b) here, the alleged criminal proceedings against Defendant terminated in his favor on March 16, 2018, and (c) despite this fact, Plaintiff did not file this action until March 22, 2021.  (*Id*.)  Second, Defendants argue, in any event, Plaintiff has failed to allege facts plausibly suggesting the elements of a fabrication-of-evidence claim, specifically, (a) that he divulged any information whatsoever to Defendant McCrindle or anyone else, (b) that any such divulsion of information was used in any way (much

---

[1]      The Court notes that, although certain of the claims asserted in Plaintiff's Complaint were dismissed without prejudice to repleading within thirty days, and he was twice granted an extension of the deadline by which to replead those claims, he has failed to replead those claims.  (Dkt. Nos. 9, 13, 14, 19, 20.)  As a result, those claims have been dismissed with prejudice without the need for a further order of the Court.  (Dkt. No. 9, at 2-3.)

less that the information caused Plaintiff's bail to be revoked resulting in his incarceration for eleven months), and (c) that Defendant Hurley did anything more than arrest Plaintiff on charges lodged by Defendant Filli.  (*Id*.)

Despite the fact that following Defendants' motion Plaintiff filed a Notice of Change of Address with the Court, he has failed to oppose Defendants' motion.  (*See generally* Docket Sheet.)[2]

## II.     RELEVANT LEGAL STANDARDS

### A.     Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) [emphasis added].  In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard

---

[2]     The Court notes that, following the filing of Defendants' motion, no mail has been returned to the Court has undeliverable to Plaintiff.  (*See generally* Docket Sheet.)

established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[3]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court.  *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.

---

[3]        *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

4

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

5

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949  (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

### B.      Standard Governing Unopposed Motions

In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

### III.     ANALYSIS

After carefully considering the matter, the Court must reject the first argument asserted by

Defendants in favor of dismissal (i.e., untimeliness) because it is clear from the docket sheet that

Defendants are incorrect that Plaintiff's Complaint was "filed" on March 22, 2021.  Rather, that

Complaint was dated, and thus "filed" pursuant to the Prison Mailbox Rule,[4] on March 6, 2021.

(Dkt. No. 1, at 8.)[5]

However, the Court is persuaded of the facial merit of Defendants' second argument (i.e.,

that Plaintiff has failed to allege facts plausibly suggesting the elements of a fabrication-of-

evidence claim).[6]  As Defendants argue, the elements of a fabrication-of-evidence claim are as

follows: "an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a

jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a

---

[4]     The Supreme Court has held that an inmate's papers may be deemed "filed" at the moment of delivery to prison authorities for forwarding to the district court.  *Houston v. Lack*, 487 U.S. 266 (1988). This rule has become known as the "Prison Mailbox Rule," and has been applied to inmates filing complaints for purposes of the statute of limitations. *See, e.g., Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir.1993), *modified on other grounds*, 25 F.3d 81 (2d Cir.1994). Under the Prison Mailbox Rule, the date of filing is deemed to be the date that the inmate is presumed to have handed his complaint to a prison guard for mailing, which is the date that the complaint was signed.  *See, e.g., Shaw v. Superint., Attica Corr. Facility*, 03-CV-0610, 2007 WL 951459, at *3 n.3 (N.D.N.Y. March 28, 2007) (McCurn, J.) (habeas corpus proceeding) [citations omitted]; *Garraway v. Broome County, N.Y.*, 03-CV-0681, 2006 WL 931729, at *3-4 (N.D.N.Y. Apr. 7, 2006) (McAvoy, J.) (prisoner civil rights action) [citation omitted].

[5]     The Court notes that, although the envelope was postmarked March 19, 2021 (Dkt. No. 1, Attach 4-5), Defendants have not argued that Plaintiff signed his Complaint on March 6, 2021, then held onto it for nearly two weeks, before handing it to a corrections officer for mailing on March 19, 2021 (*see generally* Dkt. No. 25).  In any event, such an argument would appear undermined by the fact that also contained in Dkt. No. 1 of this action is a supplemental letter from Plaintiff to the Clerk of Court, dated March 12, 2021, stating that "I have yet to receive a docket number . . ." (and attaching some exhibits that he "forgot to attach." (Dkt. No. 1, Attach. 3.)

[6]     The Court notes that its initial review, and acceptance, of a prisoner's complaint during the screening process does not preclude a later dismissal of that complaint for failure to state a claim applies in a pro se prisoner civil rights case. *See, e.g., Cusamano v. Sobek*, 604 F. Supp.2d 416, 434-35 (N.D.N.Y. 2009) (Suddaby, J.).

deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *accord, Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003).  Here, Plaintiff has not alleged facts plausibly suggesting that Defendant Hurley was an investigating official who fabricated information such as a false confession or a false account of what he witnessed Plaintiff do or say during the alleged offense.  (*See generally* Dkt. No. 1, at 3-7.)  Nor has Plaintiff alleged facts plausibly suggesting that Defendant McCrindle obtained, and passed along, any useful information from Plaintiff following his alleged failure to read Plaintiff his *Miranda* warnings. (*Id.*)  Nor has Plaintiff alleged facts plausibly suggesting that any Defendant did anything that caused Plaintiff to suffer a deprivation of life, liberty, or property (such as a revocation of bail resulting in an eleven-month incarceration).  (*Id.*)

For all of these reasons, Defendants' motion to dismiss is granted.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED** that the remaining claims in Plaintiff's Complaint (i.e., his fabrication-of-evidence claims against Defendants Filli, Hurley and McCrindle in their individual capacities to the extent that those claims relate to the case against Plaintiff in the City of Albany) are

**DISMISSED**.

Dated:  August 8, 2022
　　　　　Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge